UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:23-CR-00183-01 |
| | * | |
| VERSUS | * | JUDGE JOSEPH |
| | * | |
| BRENNAN JAMES COMEAUX | * | MAGISTRATE JUDGE WHITEHURST |

## PLEA AGREEMENT

A. INTRODUCTION

1. This document contains the complete plea agreement between the government and BRENNAN JAMES COMEAUX, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B. THE DEFENDANT'S OBLIGATIONS

1. BRENNAN JAMES COMEAUX shall appear in open court and plead guilty to Count One of the indictment pending in this case.

2. Pursuant to Title 26 U.S.C. § 5872 the defendant agrees to forfeit all of his rights, if any, title, and interest in the following: firearm silencers as alleged in count 1.

C. THE GOVERNMENT'S OBLIGATIONS

1. If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees to dismiss the remaining count(s) of the indictment after sentencing, and it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the indictment.

2. The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his/her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

3. The United States acknowledges that <u>this is a conditional plea</u> pursuant to Federal Rules of Criminal Procedure 11(a)(2), and that Brennan Comeaux reserved his right to appeal the Court's adverse ruling as to his Motion to Dismiss and, should such appeal be successful, Brennan Comeaux shall be allowed to withdraw his guilty plea.

D. SENTENCING

BRENNAN JAMES COMEAUX understands and agrees that:

1. The maximum punishment on Count 1 is a term of imprisonment of not more than ten years (pursuant to 26 U.S.C. § 5871); and a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571);

2. The defendant shall be required to pay a special assessment of $100 <u>at the time of the guilty plea</u> by means of a cashier's check, official bank check, or money

3. The defant may receive a term of supervised release of not more than (3) years;

4. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

6. Any fine and/or restitution imposed as part of the defendant's sentence will be made due and payable immediately, the defendant will be held liable for all restitution, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

7. The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him/her to be used in consideration of his/her ability to pay restitution or fine that may be imposed by the Court;

8. As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

9. This case is governed by the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and its applicability with his/her counsel and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

10. The sentencing judge alone will decide what sentence to impose; and

11. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E. FORFEITURE

1. Defendant waives all interests in and claims to the Property described in Paragraph B(2) above, and hereby consents to the forfeiture of the Property to the United States. The forfeiture may be administrative, civil judicial, or criminal in the Government's sole discretion. Defendant hereby waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative or civil judicial forfeiture proceeding with respect to the Property, including, but not limited to, such limitations contained in 26 U.S.C. § 5872. Defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Property. Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in Defendant's presence at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that forfeiture of the Property, if the Government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon Defendant in this case and waives any failure by the Court to advise Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the change-of-plea hearing. Pursuant to Rule 32.2(b)(3), Defendant will promptly consent to the preliminary order of forfeiture's becoming final as to Defendant before sentencing if requested by the Government to do so.

2.  Defendant hereby waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Property described in Paragraph B(2) above. Defendant waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this plea agreement. Without limitation, Defendant understands and agrees that by virtue of his plea of guilty Defendant will waive any rights or cause of action that Defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

F.  REINSTATEMENT OF ORIGINAL INDICTMENT

BRENNAN JAMES COMEAUX understands and agrees that should this plea be overturned for any reason at a later date, the indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the government.

G.  ENTIRETY OF AGREEMENT

This plea agreement consists of this document and any addendum required by Standing Order 1.86. The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case. It supersedes all other plea agreements and may not be modified

unless the modification is in writing and signed by all parties. No other promises have been made or implied.

H.   SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, BRENNAN JAMES COMEAUX. I concur in BRENNAN JAMES COMEAUX pleading guilty as set forth in this plea agreement.

Dated: 2-6-24

_____
AARON ADAMS
Attorney for Defendant
Assistant Federal Public Defender
102 Versailles Blvd., Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated:

2-6-24

_____
BRENNAN JAMES COMEAUX
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

                                    BRANDON B. BROWN
                                    United States Attorney

Dated: 2-6-24

                                    CASEY RICHMOND, AR Bar No. 2018038
                                    Assistant United States Attorney
                                    800 Lafayette Street, Suite 2200
                                    Lafayette, Louisiana 70501
                                    Telephone: (337) 262-6618